UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>           Plaintiff,<br>v.<br><br>CATHERINE CEBULSKI and THOMAS CEBULSKI, Parents, on Behalf of Their Conservatee, K.C., Adult Student,<br><br>           Defendants. | Case No.: 21-CV-503-CAB-JLB<br><br>**ORDER DENYING MOTION TO DISMISS COUNTS 2 AND 3 OF THE FIRST AMENDED COMPLAINT**<br><br>**[Doc. No. 51]** |

  Pending before the Court is Defendants' motion to dismiss the First Amended Complaint. [Doc. No. 51.] For the reasons set forth below, the motion is **DENIED**.

## PROCEDURAL HISTORY

  On January 20, 2022, Plaintiff San Diego Unified School District ("SDUSD") filed a First Amended Complaint ("FAC") for (1) Reversal of OAH Decision Dated July 14, 2021; (2) Action for Accounting; (3) Declaratory Relief. [Doc. No. 46.] On January 21, 2022, Defendants Catherine Cebulski and Thomas Cebulski, on behalf of their Conservatee, K.C., Adult Son ("Cebulskis") filed a motion to dismiss the second and third causes of action of the FAC. [Doc. No. 51.] On February 11, 2022, SDUSD filed

an opposition. [Doc. No. 55.]  On February 18, 2022, the Cebulskis filed a reply. [Doc. No. 58.]

## LEGAL STANDARD

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly (Twombly)*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal (Iqbal)*, 556 U.S. 662, 678 (2009); *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678*; Cook*, 637 F.3d at 1004; *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678; *see also Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citations and internal quotation marks omitted); *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964.

## DISCUSSION

A. Accounting.

The Cebulski's argue that the second cause of action for an accounting should be dismissed because the FAC does not sufficiently allege that a debt is owed to SDUSD. Accounting is an independent cause of action in equity. *Penney v. Wells Fargo Bank, NA*, 2012 WL 2071705, at *13 (C.D.Cal. June 8, 2012) (*citing Teselle*, 173 Cal.App.4th at

180). A cause of action seeking an accounting may be maintained when (1) a relationship exists between a plaintiff and defendant that requires an accounting, and (2) some balance is due to the plaintiff that can only be ascertained by an accounting. *Teselle*, 173 Cal.App.4th at 179 (citing *Brea v. McGlashan*, 3 Cal.App.2d 454, 460 (1934)); *Mendoza v. Countrywide Home Loans, Inc.*, 2009 WL 4706350, at *8 (N.D.Cal. Dec.3, 2009). No fiduciary relationship is required. *Teselle*, 173 Cal.App.4th at 179.

Here, SDUSD has alleged that there is a relationship between the parties, as they were both parties to the OAH decision, as well as to a previous settlement agreement. SDUSD has also alleged that there is confusion over whether invoices the Cebulskis have submitted to SDUSD for reimbursement are under the OAH decision (which SDUSD is appealing) or under a settlement agreement between the parties made in connection with a previous due process claim the Cebulskis filed against SDUSD. The FAC alleges that an accounting is necessary because there may have been an overpayment to the Cebulskis because of manipulation of certain invoices that were submitted for reimbursement under the OAH decision which may in fact pertain to the previous settlement. Thus, the FAC sufficiently alleges a relationship between the parties and the potential that some balance is due to SDUSD if an overpayment can be shown. Therefore, Count 2 sufficiently states a claim for accounting.

B. Declaratory Relief.

The Cebulskis argue the cause of action for declaratory relief should be dismissed because SDUSD has not sufficiently identified a federal basis for jurisdiction and has failed to exhaust its administrative remedies. To seek declaratory relief, a party must allege an actual controversy regarding a matter within federal court subject matter jurisdiction. 28 U.S.C. §2201(a); *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127-128 (2007). Here, SDUSD has alleged an actual controversy (appeal of administrative decision) within federal subject matter jurisdiction (IDEA). In addition, no exhaustion is required as declaratory relief is a procedural device for granting a remedy, and not a

substantive cause of action. *Harris County Texas v. MERSCORP*, 791 F.3d 545, 552 (5th Cir. 2015). Therefore, Count 3 sufficiently states a request for declaratory relief.

## CONCLUSION

For the reasons set forth above, the motion to dismiss Counts 2 and 3 of SDUSD's First Amended Complaint is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 1, 2022

Hon. Cathy Ann Bencivengo
United States District Judge