UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE CEBULSKI and THOMAS CEBULSKI (PARENTS), ON BEHALF OF THEIR CONSERVATEE, KARL CEBULSKI (STUDENT),<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>　　　　　　　　　　　Defendant. | Case No.:  21-CV-503-CAB-JLB<br><br>**ORDER ON MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>**[Doc. No. 48]** |

Pending before the Court is Defendant's motion to dismiss the Third Amended Complaint ("TAC"). [Doc. No. 48.]  For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## PROCEDURAL HISTORY

On September 15, 2021, Plaintiffs Catherine Cebulski and Thomas Cebulski (Parents), on behalf of their conservatee, Karl Cebulski (Student) (hereinafter collectively "Cebulskis"), filed a Second Amended Complaint ("SAC") against Defendant San Diego Unified School District ("SDUSD").  [Doc. No. 32.]  The SAC alleged the following causes of action: (1) First Claim for Relief: Enforcement under [42 U.S.C.] Section 1983;

(2) Third [*sic*] Claim for Relief:  Enforcement under IDEA [Individuals with Disabilities Education Act]; (3) Fourth Claim for Relief:  Violation of Section 504 [of the Rehabilitation Act of 1973].

On September 30, 2021, SDUSD filed a motion to dismiss the SAC and challenged the sufficiency of the Section 504 and Section 1983 claims.  [Doc. No. 33.]  On December 9, 2021, the Court held a hearing on the motion to dismiss the SAC.  The Court dismissed the 1983 claim without leave to amend [Doc. No. 45 at 4], and granted the Cebulskis leave to amend <u>only</u> as to the 504 claim against SDUSD.  [Doc. No. 45 at 11.]

## LEGAL STANDARD

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly (Twombly)*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal (Iqbal)*, 556 U.S. 662, 678 (2009); *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678*; Cook*, 637 F.3d at 1004; *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678; *see also Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200

(2007) (per curiam) (citations and internal quotation marks omitted); *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964.

## DISCUSSION

A. Unauthorized Claims and Parties.

First, the Court grants SDUSD's motion to strike Plaintiff's newly asserted claims and parties. "In cases like this one ..., where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken." *DeLeon v. Wells Fargo Bank, N.A.*, No. 10–CV–01390–LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010); *see also Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1125 (C.D. Cal. 2015); *PB Farradyne, Inc. v. Peterson*, No. C 05–3447 SI, 2006 WL 2578273, at *3 (N.D. Cal. Sept. 6, 2006).  At the hearing on December 9, 2021, the Court was very clear that the only claim that could be amended was the Section 504 claim against SDUSD.  There was no discussion or authorization regarding adding new claims or parties.  Nevertheless, the Cebulskis have now asserted new claims against the District and against two new individual defendants without the necessary leave of court.  Rule 15(a)(1).  Accordingly, the third, fourth, fifth, sixth, and seventh causes of action are **STRIKEN**, and Defendants Shapazian and Spry are **DISMISSED**. Catherine Cebulski and Thomas Cebulski ("Parents") are also **DISMISSED** as individual plaintiffs and may only proceed on behalf of their Conservatee, Karl Cebulski (Student).

B. Section 504 Claim.

SDUSD argues the Cebulski's continue to fail to state a claim under Section 504 because they merely equate IDEA violations with a claim for discrimination under Section 504, and have failed to identify which regulations were violated.

In *Mark H. v. Lemahieu*, 513 F.3d 922, 935 (9th Cir. 2008) (*Mark H. I*) the Ninth Circuit held that Section 504 "contains an implied right of action for damages to enforce its provisions.". A plaintiff suing under Section 504 for discrimination "must show (1) []he is a qualified individual with a disability; (2) []he was denied 'a reasonable

accommodation that [he] needs in order to enjoy meaningful access to the benefits of public services;' and (3) the program providing the benefit receives federal financial assistance." *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (*quoting Mark H. I* at 1097).

The Ninth Circuit further held that a plaintiff can establish the second element in one of two ways. *Id*. First, a plaintiff may show that a student was denied services "needed to enjoy meaningful access to the benefits of a public education and that were available as reasonable accommodations." *Id*. Second, the plaintiff may show that the student was denied "meaningful access to public education through another means, such as by violating a regulation that implements section 504's prohibitions." *Id*. (*citing Mark H. I* at 938–39; *Alexander v. Choate*, 469 U.S. 287, 301 (1985)).

Finally, the Ninth Circuit held that to prevail on a Section 504 claim, "plaintiff must prove a mens rea of 'intentional discrimination' . . . [and] that standard may be met by showing 'deliberate indifference,' . . . not only by showing 'discriminatory animus.'" *Lemahieu*, 513 F.3d at 938 (citations omitted).

In *Mark H. v. Hamamoto*, 620 F.3d 1090 (9th Cir. 2010)(*Mark H. II*), the Ninth Circuit summarized it's holding in *Mark H. I*.:

> In that appeal we held that although there is a private right of action under Rehabilitation Act § 504, simply establishing a violation of the right to a FAPE under IDEA is not sufficient to prevail in a § 504 claim for damages. *Mark H.*, 513 F.3d at 924–25. Plaintiffs may prevail in a § 504 claim for damages, we held, by establishing that an organization that receives federal funds violated § 504 "intentionally or with deliberate indifference." *Id*. at 938. Plaintiffs may establish that an organization violated § 504 by showing that the public entity discriminated against, excluded, or denied the benefits of a public program to a qualified person with a disability. *Id*. at 937. This includes showing that the public entity denied the plaintiff a reasonable accommodation. *Id*. A violation of one of the regulations implementing § 504 may support a claim for damages if the violation denied the plaintiff meaningful access to a public benefit, and the defendant organization acted with deliberate indifference. *Id*. at 938–39.

*Mark II*, 620 F.3d at 1096.

Here, the Cebulskis have sufficiently stated a claim against the SDUSD under Section 504. The Cebulskis allege that (1) due to Student's disability, he need placement outside of Parents' home and 24-hour behavioral services to enjoy meaningful access to the benefits of a public education, (2) SDUSD was on notice that Student needed those services, but intentionally did not provide those services, and (3) such services were available as a reasonable accommodation. TAC ¶¶85-89. The Cebulskis also allege specific Section 504 regulations that were violated in the process. TAC ¶ 16. Accordingly, the motion to dismiss the Section 504 claim (against SDUSD only) is **DENIED**.

## CONCLUSION

For the reasons set forth above, the motion to dismiss the Third Amended Complaint is **GRANTED IN PART and DENIED IN PART** as follows:

1. The motion to dismiss the second cause of action (pp. 29-33) for violation of Section 504 by SDUSD is **DENIED**;
2. The motion to dismiss/stike the third (pp. 33-36), fourth (pp. 36-39), fifth (pp. 39-40), sixth (pp. 40-43) and seventh (pp. 43-44) causes of action is **GRANTED** pursuant to Rule 15(a)(1);
3. Defendants Shapazian and Spry are **HEREBY TERMINATED** from this action.

Defendant SDUSD shall **answer** the TAC, as amended by this order, by **April 22, 2022**.

**IT IS SO ORDERED.**

Dated: April 1, 2022

Hon. Cathy Ann Bencivengo
United States District Judge